Filed 9/14/22  P. v. Jefferson CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAMAR JEFFERSON,<br><br>    Defendant and Appellant. | B315872<br><br>(Los Angeles County<br>Super. Ct. No. TA153155) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hector E. Gutierrez, Judge.  Affirmed in part; vacated in part and remanded.

Nicholas Seymour, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Kristen J. Inberg, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Lamar Jefferson (defendant) appeals from the judgment entered after he was convicted of one count of second degree robbery and one count of misdemeanor theft. He contends that the sentence imposed must be vacated and the matter remanded for resentencing in compliance with Penal Code section 1170, subdivision (b),[1] as amended effective January 1, 2022. The People agree, as do we. Accordingly we affirm the judgment of conviction but vacate the sentence and remand for resentencing.

## BACKGROUND

Though defendant was originally charged with nine felonies and two misdemeanors, following a preliminary hearing, three counts were dismissed. Defendant was held to answer on three counts of robbery in violation of section 211 (counts 1, 5, and 10), three counts of grand theft in violation of section 487, subdivision (a) (counts 4, 7, and 8), and two misdemeanor counts of petty theft in violation of section 484, subdivision (a) (counts 9 and 11). The information also alleged that defendant had suffered a prior serious felony conviction (robbery), which rendered him subject to sentencing under sections 1170.12, subdivision (b), and 667, subdivisions (b)-(j). Prior to trial, the court granted defendant's motion to dismiss counts 4, 5, 8, 9, 10, and 11 after the prosecution announced it was unable to proceed. The matter proceeded to jury trial on counts 1 and 7.

The jury found defendant guilty of second degree robbery, as alleged in count 1, and of misdemeanor petty theft, a lesser

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

2

included offense of grand theft, as alleged in count 7. Defendant admitted his prior serious felony conviction. On September 22, 2021, defendant was sentenced on count 1 to the high term of five years in prison, doubled to 10 years as a second strike. The court imposed a six-month term for count 7 with credit for time served. Presentence credits were calculated as a total of 335 days, comprised of 309 actual days and 46 days of conduct credit.

Defendant filed a timely notice of appeal from the judgment.

**Prosecution evidence**

### Count 7

On April 8, 2020, Lora Balajadia was seated in her wheelchair at a Metro station waiting for a train, when a man approached her and struck up a friendly conversation. He then directed her attention to a building under construction. As she looked toward the building, he grabbed her purse from between her feet and ran up the nearby escalator. Balajadia testified that the purse was made by Coach and contained her cellphone, a tablet, and medication. She described the thief as wearing gold-rimmed glasses.

### Count 1

Alexis McCloud, a resident of Indiana, was visiting Los Angeles on October 26, 2020. While waiting for her sister to pick her up from the Metro train station, she was doing schoolwork with her laptop open on her lap. Several men were standing nearby, and some of them approached her and made conversation. One asked if she could make change for a $100 bill, which made her suspicious that he was trying to see if she had any money on her. McCloud brushed them off and continued to do her schoolwork. Then a man with a bicycle circled around the

group of men, chatting with them and coming close to her at times. While standing close to her, he said, "Have y'all seen some dice over here?" He then snatched her computer bag from under her arm. As her bag contained her car keys, driver's license, credit cards, and $600 in cash, she was afraid she would be stuck in California without them, so she followed him.

McCloud testified that as the man tried to get on his bicycle she grabbed his rear tire causing them both to fall and caused McCloud to scrape her knees. She testified that the man reached behind his back, pulled out a folding knife with the blade showing, cursed her and threatened to cut her. She continued to try to get her bag until she realized that she had left her phone and computer where she had been sitting near the other men. She turned back to retrieve them and then resumed chasing the thief, who was riding away on his bicycle. When he went through a gate that closed behind him, McCloud pleaded for him to take the cash and return her other items. He threw her keys, credits cards and driver's license over the gate and left with her bag, money, and computer charging cord.

### *The Investigation*

Los Angeles County Sheriff's Department Detective Wilfredo Mullings viewed surveillance video of both the April and October incidents. The suspect in both videos looked similar. When defendant was later arrested, he was wearing a white hat and metal-framed glasses similar to what the suspect was wearing during the April theft. Detective Mullins interviewed defendant, who identified himself in still photographs taken from the video recordings of the two incidents, including photographs with defendant and the victims in the frame. Defendant admitted the incident involving McCloud and gave some details

of the theft but denied using a knife and claimed that he never carried weapons.

Detective Mullins testified at trial that when he spoke to McCloud, she did not say defendant threatened her while holding the knife. She said only that he had a knife and she backed away from him. When he viewed the video, he saw that at some point during the struggle between McCloud and defendant, defendant appeared to lunge toward McCloud who put up her hands and backed away from him, looking as though she was afraid.[2]

## DISCUSSION

Defendant contends that his sentence must be vacated and his case remanded for resentencing under the recent changes to section 1170 made by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567), effective January 1, 2022. The People agree.

Senate Bill 567 amended the determinate sentencing law, which affects the trial court's discretion and authority to impose one of three statutory terms of imprisonment, known as the lower, middle, or upper terms. (See Stats. 2021, ch. 731, § 1.3.) Section 1170, subdivision (b)(1) now provides: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as

---

[2] Neither the video recordings nor the photographs are in the record on appeal. No witness testified that a knife could be seen in the video, and the prosecutor did not claim that it could be seen, although she argued that defendant could be seen waving something. Defense counsel acknowledged that defendant's hand moved just before McCloud stepped back but argued that nothing could be seen in his hand.

otherwise provided in paragraph (2)." Subdivision (b)(2) provides in relevant part: "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)

Section 1170, subdivision (b)(3) provides: "Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. This paragraph does not apply to enhancements imposed on prior convictions." Among other requirements in subdivision (b), paragraph (5), the sentencing court must "set forth on the record the facts and reasons for choosing the sentence imposed. The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." (§ 1170, subd. (b)(5).)

The amendments apply retroactively to sentences that are not yet final on appeal. (*People v. Garcia* (2022) 76 Cal.App.5th 887, 902.)

Here, the trial court selected the high term for count 1 and explained its choice as follows:

> "The court feels that selection of the high term is warranted based on the following: the use of a weapon, the injury suffered by the victim, the fact that Mr. Jefferson was tried and convicted of two separate theft offenses, albeit one of them was a misdemeanor, per the jury's findings. The court selects the high term based on Mr. Jefferson's adult history, which, as I've stated—and I'm not going to go

6

into each and every offense—dates from the year 2005. It involves a violation of Penal Code section 69. Again, that's a long time ago. But the reason I bring up his adult history is it dates from 2005 and continues in 2007, 2012, 2013, 2014, culminating in a two-year state prison commitment for robbery, 2017, two offenses on the pre-plea report in 2017."

The trial court relied on defendant's long criminal history, the fact that he was convicted of two theft offenses in this trial, and the use of a weapon in this case. The People concede that the trial court's reliance on defendant's criminal history (other than the strike offense) was not based on a certified record of conviction or an admission by defendant. We note that there was no jury finding on the use of a weapon. The jury was instructed that robbery was a theft accomplished by force or fear, and the prosecutor argued both theories.

We thus find that the sentence must be vacated and the case remanded for resentencing in compliance with section 1170, subdivision (b), as amended effective January 1, 2022. "[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'" (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) On remand, the trial court may thus revisit all its sentencing choices in light of the new legislation. (*People v. Garcia, supra*, 76 Cal.App.5th at p. 902, citing *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 & *People v. Buycks, supra*, at p. 893.) We take no position on the choices available to the trial court.

## DISPOSITION

The judgment of conviction is affirmed.  The sentence is vacated, and the matter is remanded for resentencing in compliance with section 1170, subdivision (b), as amended effective January 1, 2022.

_____
CHAVEZ, J.

We concur:


_____
LUI, P. J.


_____
HOFFSTADT, J.

8